IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD DENWEED, #1196519, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1430-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of possession of a firearm by a felon in the 203rd Judicial District Court of Dallas County, Texas, in cause number F03-48347. (Pet. at 2). On October 1, 2003, the trial court assessed punishment at sixty years imprisonment. (*Id.*). The Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Denweed*, No. 05-03-01525-CR (Tex. App. -- Dallas Nov. 15,

2004, no pet).¹  Although Petitioner was granted an extension until February 14, 2005, to file his petition for discretionary review (PDR), he failed to file the same.  *See* December 28, 2004 Order of the Texas Court of Criminal Appeals in No. PD-1995-04, www.cca.courts.state.tx.us/opinions /Case.asp?FilingID=231591 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, Aug. 28, 2006).²

On November 7, 2005, Petitioner filed a state application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure.  *See* No. W03-48347-P(A) (first page enclosed as Attachment I).  The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on January 11, 2006.  *Ex parte Denweed*, No. WR-63,735-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=239943 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, Aug. 28, 2006).

Thereafter, on August 9, 2006, Petitioner filed the instant federal petition for writ of habeas corpus.  (Pet. at 1).  In three grounds of error, he asserts the evidence is legally and factually insufficient, and counsel rendered ineffective assistance at trial.³  (*Id.* at 7).

---

¹       The docket sheet for Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/03/05031525.HTM.

²       The December 28, 2004 Order cannot be viewed from the Court of Criminal Appeals's website.  Nevertheless, the Clerk of the Texas Court of Criminal Appeals informed this Court telephonically that the December 28 Order granted Petitioner until February 14, 2005, to file a PDR, and provided that no further extensions would be entertained.  Petitioner concedes as much in his handwritten habeas corpus petition at p. II, attached to his § 2254 form petition.

³       For purposes of this recommendation, the petition is deemed filed on August 1, 2006, the date Petitioner signed the memorandum in support, which he submitted along with his federal petition, and presumably placed both of them in the prison mail.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have

---

[4] On August 28, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitation period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the Court's show cause order on October 5, 2006.

become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on February 14, 2005, the last day on which Petitioner could have filed a PDR with the Texas Court of Criminal Appeals according to the order of extension filed on December 28, 2004. Therefore, the one-year period began to run on February 15, 2005, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of November 7, 2005, the date on which Petitioner filed his art. 11.07 application (*see* Attachment I), 265 days of the one-year limitation period had elapsed. The state application remained pending until its denial on January 11, 2006, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on January 12, 2006, and expired 100 days later on April 22, 2006, – 101 days before Petitioner can be deemed to have filed the federal petition in this case. Therefore, the federal petition is time barred unless the one-year statute of limitations is tolled on equitable grounds.

In response to the Court's order to show cause, Petitioner alleges the federal petition is timely. (Pet's Response at 3). Insofar as he claims that the one-year period did not commence until the conclusion of state post-conviction review, his contention is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation

of magistrate Judge). The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon conclusion of *direct review* of a judgment of conviction. 28 U.S.C. § 2244(d)(1)(A). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way. *See Fields,* 159 F.3d at 916.

Insofar as Petitioner relies on equitable tolling, his claim fares no better. Equitable tolling is available only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).

Petitioner delayed the filing of his art. 11.07 application by 265 days after his conviction became final. Following the denial of his state application, Petitioner delayed an additional 202 days before submitting this federal petition for filing. Petitioner provides no explanation for either of the above delays, which appear to be of Petitioner's own making. Such unexplained delays do not make the circumstances of this case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of

eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 28th day of November, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**